IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURT HORVATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19 CV 4894 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| APRIA HEALTHCARE, LLC, | ) |
| APRIA HEALTHCARE GROUP, INC., and | ) |
| APRIA HEALTHCARE, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Kurt Horvath alleges that oxygen tanks were negligently delivered to his home, injuring him. In state court, plaintiff sued three companies allegedly responsible for delivering the tanks: (1) Apria Healthcare, LLC; (2) Apria Healthcare Group, Inc.; and (3) Apria Healthcare, Inc. The first two Apria companies ("Apria") removed to this court based on diversity jurisdiction. Apria now moves to compel arbitration. In the alternative, Apria moves to dismiss based on claim preclusion. Both motions are denied.

**1      Motion to compel arbitration**

A court should compel arbitration when there is "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." Zurich American Insurance Co. v. Watts Industries, Inc., 417 F.3d 682, 687 (7th Cir. 2005), citing 9 U.S.C. § 4. Courts review a motion to compel arbitration under a summary judgment standard. Tinder v. Pinkerton Security, 305 F.3d 728, 735–36 (7th Cir. 2002). To avoid arbitration, a party "must identify a triable issue of fact concerning the existence of the agreement." Id. at 735.

There is no evidence that plaintiff agreed to arbitrate disputes with Apria. He signed a rental agreement authorizing various payment terms. That twelve-page rental agreement has no arbitration clause. It never once uses the word "arbitration." Apria nonetheless asserts that the rental agreement "contained" an arbitration clause. But if the agreement incorporated some other document by reference, Apria must show "an intention to incorporate th[at] document and make it a part of the contract." 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 737 (7th Cir. 2002), quoting Arneson v. Board of Trustees, McKendree College, 210 Ill. App. 3d 844, 850–51 (Ill. App. 1991). Apria has not tried to make that showing. Apria points to nothing in the rental agreement that even refers to an arbitration clause—much less to a "clear and specific" incorporation, which Illinois law demands. 188 LLC, 300 F.3d at 736.

Apria instead points to a separate form titled, "Terms and Conditions / Authorizations / Consents." That form has no signature and no date. It does not mention plaintiff's name. But unlike the rental agreement, the form has an arbitration clause. Apria proclaims that this three-page form "appeared on the back" of the signed rental agreement. Apria argues that by signing the rental agreement, plaintiff agreed to the terms-and-conditions form—and thus to the arbitration clause.

That argument is procedurally inappropriate. It relies on two affidavits submitted with Apria's reply. In those affidavits, Apria's employees state that: (1) the terms-and-conditions form "appeared on the back" of plaintiff's rental agreement; and (2) Apria retains only the first and last pages of signed rental agreements—and those pages do not include the terms-and-conditions form. The affidavits are untimely. They were not served with Apria's motion to compel arbitration. See Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion.").

2

Even worse, by waiting until its reply to submit new evidence and new arguments based on that evidence, Apria denied plaintiff a fair chance to respond. "A reply brief is for replying"—not for sandbagging. Hussein v. Oshkosh Motor Truck Co., 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring); Murphy v. Village of Hoffman Estates, No. 95 C 5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."). A lawyer who plays dirty by sneaking in new evidence disserves his clients and tarnishes his credibility. As a sanction, the court strikes not only Apria's belated affidavits, but Apria's reply brief in its entirety.

Because a reasonable jury could find that the terms-and-conditions form lacks any connection to the rental agreement plaintiff signed, Apria's motion to compel arbitration is denied. Plaintiff's motion to strike Apria's reply is granted. Plaintiff is granted leave to file an amended complaint that adds a spoliation claim for any evidence that Apria may have destroyed.

**2      Motion to dismiss based on claim preclusion**

Next, Apria moves to dismiss based on res judicata—or, more precisely, claim preclusion. Dookeran v. Cook County, Illinois, 719 F.3d 570, 574 n.2 (7th Cir. 2013). Claim preclusion is a doctrine that bars people from litigating a claim more than once. Plaintiff filed an earlier suit against Apria that was involuntarily dismissed for want of prosecution. Horvath v. Apria Healthcare, LLC et al., 18 CV 6726, Docs. 26–27 (N.D. Ill. Jan. 15, 2019) (Weisman, M.J.).

"Federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." CFE Group, LLC v. Firstmerit Bank, N.A., 809 F.3d 346, 351 (7th Cir. 2015) (citation and quotation marks omitted). Under federal common law, a federal court exercising diversity jurisdiction applies the preclusion principles of the state. Id. Claim

preclusion under Illinois law requires a court to have entered a "final judgment on the merits." Nowak v. St. Rita High School, 197 Ill. 2d 381, 390 (Ill. 2001).

Apria argues that two of Judge Weisman's orders operate as final judgments on the merits: (1) a minute entry dismissing plaintiff's suit without prejudice for want of prosecution; and (2) a subsequent order denying plaintiff's Fed. R. Civ. P. 60(b) motion to reinstate the case. Those arguments are frivolous. Apria's motion to dismiss based on claim preclusion is denied.

### 2.1 Preclusive effect of minute entry dismissing plaintiff's suit without prejudice

Judge Weisman did not enter a final judgment on the merits when he involuntarily dismissed plaintiff's suit. An involuntary dismissal is not a final judgment on the merits when "the dismissal order states otherwise." Fed. R. Civ. P. 41(b). Judge Weisman's minute entry dismissing plaintiff's suit "states otherwise": "[P]laintiff has not filed a response to defendants' motion to compel arbitration. The Court therefore dismisses this suit without prejudice for want of prosecution." Horvath, 18 CV 6726, Doc. 26 (Jan. 15, 2019) (emphasis added). The judgment also "states otherwise": "Case dismissed without prejudice for want of prosecution." Id., Doc. 27 (Jan. 15, 2019) (emphasis added).

A dismissal without prejudice is not a final judgment on the merits. It has no preclusive effect. E.g., CFE Group, 809 F.3d at 351 (7th Cir. 2015) ("[A] dismissal 'without prejudice' is not final, and a non-final decision is not subject to preclusion defenses.") (citation omitted); Disher v. Information Resources, Inc., 873 F.2d 136, 139 (7th Cir. 1989) ("Since the dismissal here was without prejudice, the judge's findings have no possible preclusive effect.").

Apparently realizing that the law is not on his side, Apria's lawyer, Anthony Goldner, resorts to omitting inconvenient facts. Not once in his motion does he mention that the dismissal was without prejudice. And he spuriously asserts that the minute entry "became a final judgment

4

on the merits" because it "did not state whether the dismissal was an adjudication on the merits." That fails "even the laugh test." Reed v. Town of Gilbert, Arizona, 135 S. Ct. 2218, 2239 (2015) (Kagan, J., concurring). Any competent lawyer knows that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'" Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). The minute entry dismissing plaintiff's suit without prejudice plainly had no preclusive effect.

### 2.2  Preclusive effect of order denying plaintiff's Rule 60(b) motion to reinstate

Apria's litigation conduct smacks of a bad-faith (if clumsy) attempt to deceive the court. When plaintiff responded that the dismissal was without prejudice, Apria's lawyer had an opportunity. He could have conceded defeat. He could have apologized for filing a brief that had a misleading omission. Instead, he doubled down.

In his reply, Apria's lawyer pivots to Judge Weisman's denial of plaintiff's motion to reinstate the case. Apria argues for the first time (which is forbidden for the reasons already discussed) that the denial of plaintiff's motion to reinstate was a final judgment on the merits. It was not. Plaintiff moved to reinstate under Fed. R. Civ. P. 60(b). A Rule 60(b) motion "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2). The operative judgment was and continued be that entered on January 15, 2019—the judgment dismissing the case "without prejudice for want of prosecution." Horvath, 18 CV 6726, Doc. 27. And that judgment was not a final judgment on the merits.

Even if refusing to reinstate the case somehow superseded the earlier judgment, Apria's lawyer would still be wrong. Just like the minute entry, the order denying plaintiff's motion to reinstate was without prejudice. That order concludes, "If plaintiff wants to pursue his cause of action, he must file a new suit." Id., Doc. 39 at 2 (May 22, 2019). Inviting plaintiff to "file a new

5

suit" is logically incompatible with dismissing with prejudice; dismissing with prejudice would have "preclude[d] the plaintiff from bringing a new suit on his claim." Disher, 873 F.2d at 139 (7th Cir. 1989). Judge Weisman's order denying plaintiff's Rule 60(b) motion to reinstate the case was not an adjudication on the merits and had no preclusive effect.

Not once in Apria's reply does Apria's lawyer mention that the order denying reinstatement included the words, "If plaintiff wants to pursue his cause of action, he must file a new suit." That omission—along with the omission that the dismissal was "without prejudice"—leaves the court in serious doubt that Apria's lawyer has been candid with the court. Mr. Goldner should take great care to ensure that his future filings comply with professional standards and with his duties as an officer of the court.

## **CONCLUSION**

The court: (1) grants plaintiff Kurt Horvath's motion (Doc. 17) to strike reply and amend complaint; (2) strikes the reply and exhibits (Doc. 15) filed by defendants Apria Healthcare, LLC, and Apria Healthcare Group, Inc.; (3) grants plaintiff leave to amend his complaint to add a spoliation claim; and (4) denies Apria's combined motion (Doc. 7) to compel arbitration and to dismiss based on claim preclusion.

Plaintiff may amend his complaint to add a spoliation claim on or before November 25, 2019. All defendants must answer the amended complaint on or before December 16, 2019. The parties are directed to file a joint status report using this court's form on or before December 30, 2019. This matter is set for a report on status on January 8, 2020, at 9:10 a.m.

**ENTER:** **November 5, 2019**

_____
**Robert W. Gettleman**
**United States District Judge**